854 F.2d 1316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary CONKEL, Rosemary Conkel, his wife, Plaintiffs-Appellants,
v.
Byron L. VAN PELT, M.D., Defendant-Appellee,
and
Smithkline Beckman Corporation, Defendant.
 No. 87-1658.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1988.
Decided Aug. 2, 1988.
Rehearing Denied Aug. 30, 1988.
 
 Paul Thomas Tucker (George E. McLaughlin, Jeffrey A. Holmstrand on brief) for appellants.
 Stephen R. Brooks (Alfred J. Lemley, Furbee, Amos, Webb & Critchfield on brief) for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gary Conkel brought this medical malpractice action against Dr. Byron Van Pelt, alleging that he developed organophosphorus induced delayed neurotoxicity (OPIDN), a debilitating neurological condition, as a result of taking the prescription drug Thorazine while he was exposed to organophosphorus insecticides. He argues that the court erred in refusing to instruct the jury that Van Pelt was negligent as a matter of law in failing to discuss with Conkel the need for caution in the use of Thorazine by individuals exposed to organophosphorus insecticides and the alternatives and side effects of Thorazine therapy. Because the "reasonableness" of a physician's disclosure or nondisclosure presents a question of fact proper for consideration by the jury, we hold that it was not error to submit the question of negligence to the jury. We therefore affirm the judgment of the district court.
 
 I.
 
 2
 Gary Conkel had been under the care of Dr. Byron Van Pelt for a nervous condition since 1976. Early in 1981, Van Pelt prescribed Valium, a mild tranquilizer, for Conkel's condition. On April 28, 1981, Conkel consulted Van Pelt because his prescription for Valium had run out and he was feeling "jumpy." Van Pelt then put Conkel on Thorazine, a major tranquilizer. At that time, Conkel was employed as an exterminator by the Orkin Pest Control Co. In the course of his employment, Conkel used various insecticides including those of the class of organophosphorus insecticides.
 
 
 3
 The Physicians Desk Reference warned that Thorazine was to be "use[d] with caution in persons who will be exposed to ... organophosphorus insecticides." The scientific literature prior to 1981 apparently did not further link Thorazine to the development of OPIDN in persons exposed to organophosphorus insecticides. Although Van Pelt knew that Conkel was employed as an exterminator, he did not discuss with Conkel the need for caution in the use of Thorazine by those exposed to some insecticides, nor did he inform Conkel of alternative treatments or other possible side effects of Thorazine, because "[he] felt that [Thorazine] was the indicated drug and [he] feared that if [he] went over too much about the possible side effects of Thorazine, et cetera, that [Conkel] may not take the drug."
 
 
 4
 Conkel fell ill on May 15, 1981. On May 21, 1981, Van Pelt withdrew the Thorazine and hospitalized Conkel for severe neurological problems. Conkel's condition subsequently deteriorated. He filed suit against Van Pelt alleging that he had developed OPIDN as a result of having taken Thorazine while exposed to organophosphorus insecticides. He alleged malpractice and a lack of informed consent in conjunction with the Thorazine treatment.
 
 
 5
 Conkel moved for partial summary judgment on the issues of negligence and lack of informed consent. The court denied Conkel's motion and submitted the question of negligence to the jury. The jury entered a verdict in favor of Van Pelt, and Conkel moved for a new trial alleging that the court committed reversible error by submitting the question of negligence to the jury. Conkel's motion was denied and he now appeals.
 
 II.
 
 6
 Plaintiff contends that the evidence presents no substantial issue of fact on the question of Van Pelt's malpractice and that it was, therefore, reversible error for the court to permit the jury to consider that question. See Beneficial Finance Co. v. Collins, 149 S.E.2d 221, 227-28 (W.Va.1966). We do not agree with plaintiff's conclusion that the evidence presented here required that the district court withdraw the question of Van Pelt's negligence from the jury.
 
 
 7
 A physician has a duty to disclose to his or her patient the information that patient needs to give informed consent to the particular course of treatment to be undertaken. Whether a physician fulfills this obligation depends on "the reasonableness of the physician's disclosure or nondisclosure in terms of what the physician knows or should know to be the patient's informational needs." See Cross v. Trapp, 294 S.E.2d 446, 455 (W.Va.1982). Liability is justified "only if the factfinder can say that the physician's communication was unreasonably inadequate." Id. at 452 (quoting Canterbury v. Spence, 464 F.2d 772, 786-87 (D.C.Cir.), cert. denied 409 U.S. 1064 (1972)). The determination of reasonableness under the circumstances of a particular case is a classic question of fact within the province of the jury.
 
 
 8
 Here, the jury was presented with evidence that the likelihood of developing OPIDN from the interaction of Thorazine with organophosphorus insecticides was very remote. Further evidence indicated that the relationship between Thorazine and OPIDN had not been documented in the scientific literature prior to 1981. Both sides presented expert testimony concerning the applicable standard of care.
 
 
 9
 Under these circumstances, we decline to find that the evidence established Van Pelt's negligence as a matter of law. The judgment of the district court is accordingly
 
 
 10
 AFFIRMED.